BRUNER v. TORREY et al.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

1. WILLS (§ 267*)—ACTIONS TO DETERMINE VALIDITY—PARTIES.
    While one who is a legatee under a will, as well as executor of it, should, in an action to test the validity of the will and its probate, be made a defendant individually as well as executor, it is not necessary to also name him as trustee; any trusteeship following by legal implication from his executorship.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 615–618; Dec. Dig. § 267.*]

2. WILLS (§ 281*)—ACTIONS TO DETERMINE VALIDITY—COMPLAINT—ALLEGATION AS TO PARTIES.
    The complaint in an action to test the validity of a will and of its probate does not, as it should, show that all the devisees, legatees, and heirs of testator and other interested persons have been made parties, by an allegation that certain persons made parties are the only persons entitled to any part of the estate, or that they are the only persons interested in the estate.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 281.*]

Appeal from Special Term, Kings County.

Action by Evelyn Day Bruner against Frank B. Torrey, as executor of Edwin Warren Day, deceased, and others. From an order sustaining demurrers to the complaint, plaintiff appeals. Modified and affirmed, with leave to amend.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

George W. McKenzie, for appellant.
Benjamin A. Morton (Perry D. Trafford, on the brief), for respondents.

THOMAS, J. The action is to test the validity of a will and its probate. Two defendants conceived nine grounds of demurrer to the complaint, seven of which are bad. The reference to the earlier un-

probated will is to account for the presence of certain persons who are alleged to claim interest thereunder, perchance, and went quite far enough for that purpose. The will is not probated, and Warner is not its executor, nor has an administrator of Layton Ellis Day been appointed. This disposes of the second, fifth, sixth, and seventh grounds of the demurrer.

Torrey as executor, not individually, is made a party. He is a legatee, and should as such be bound by the decree, and the record should be in such technical form as to show it; but there is no occasion to make him a party as trustee. The will imposes upon him duties as executor, and by virtue of such office he will receive the property and make disposition of it. If Torrey is a trustee, it by legal implication follows from his executorship. There is no occasion to describe him as such in the complaint. Knox v. Metropolitan El. Ry. Co., 58 Hun, 517, 519, 12 N. Y. Supp. 848, affirmed 128 N. Y. 625, 28 N. E. 485. This disposes of the fourth, eighth, and ninth grounds of demurrer.

The complaint does not show that "all the devisees, legatees, and heirs of the testator and other interested persons" have been made parties. It is quite another thing to state that certain persons made parties "are the only persons entitled to any part of the estate," or that they "are all the persons interested in the estate." There might be differing conclusions in that regard. It is convenient to observe the requirements of the statute, and it should be done. Therefore the first ground of demurrer is tenable.

The demurrers are sustained upon the first and third grounds only, and the order appealed from should be modified to so state, and, as so modified, affirmed, without costs, with leave to serve an amended complaint upon the terms of the order appealed from. All concur.